UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RYAN WINSTON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 17-2623-JDT-cgc |
| ) | |
| SHELBY COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT
AND GRANTING LEAVE TO AMEND

On August 24, 2017, Plaintiff Ryan Winston, Jr., who is in custody at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on August 28, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Shelby County,[1] Officer First Name Unknown (FNU) Bradfelid, and Officer FNU Dickerson.[2]

---

[1] The Court construes the allegations against the Shelby County Sheriff's Office as an attempt to assert a claim against Shelby County. The Clerk is DIRECTED to remove the Shelby County Sheriff's Office as a Defendant and add Shelby County as the correct party.

[2] Winston names "Officer Dickson" as a Defendant but refers in his complaint to "Officer

Winston alleges that he was "abused and violated" by officers at the Jail. (ECF No. 1 at PageID 2.) Winston states he had attempted suicide to get the attention of an unnamed sergeant, who then ordered Winston moved to J-pod. (*Id.*) Officer Dickerson came to transport Winston to J-pod. (*Id.*) As Winston was being escorted to J-pod, he "notice[d]" that the cell was unsanitary and had feces in it. (*Id.*) Winston refused to be housed in the cell and "was handcuffed and carried and held against my will." (*Id.*)[3]

Winston alleges that on another occasion he again was handcuffed and dragged against his will toward a classroom. (*Id.* at PageID 3.) Officers Dickerson and Bradfelid allegedly threatened Winston and attacked him while he was handcuffed. (*Id.*) Winston states that he has lost sleep since the alleged attack and is "afraid that this could happen to me again." (*Id.*) Winston alleges that his "mental state has been shakey [sic]," and though he is in protective custody, he does not feel safe. (*Id.*) Winston states he wants "my confertdental [sic] award for my pains and suffering." (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

---

Dickerson." (ECF No. 1 at PageID 2-3.) The Court presumes these are the same person and will refer to this Defendant as "Officer Dickerson." The Clerk also is DIRECTED to correct this Defendant's name on the docket.

[3] Winston does not specify whether he was forced to stay in the allegedly unsanitary cell.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Winston filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Winston's claims against the Shelby County Sheriff's Office and any official capacity claims against Officers Bradfelid and Dickerson must be treated as claims against Shelby County. The complaint, however, does not state a valid § 1983 claim against Shelby County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). Winston does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

Winston's allegations that the officers handcuffed him, dragged him against his will, threatened him, and attacked him amount to a claim of excessive force. At the time of the alleged assault, Winston was a pretrial detainee whose protection against excessive force is provided by the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Excessive force claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

5

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.* Winston provides scant details about the incident and alleges only that he was being dragged "toward the class room." (ECF No. 1 at PageID 3.) He does not describe the circumstances behind his being handcuffed, the reason for his being taken to a classroom, or in what way the officers "attacked" him. A physical attack on a handcuffed pretrial detainee causing injury could constitute excessive force under the Fourteenth Amendment. *See, e.g.*, *Jimenez v. Fresno Cnty. Super. Ct.*, No. 1:13-CV-01204-SAB PC, 2013 WL 5315237, at *1 (E.D. Cal. Sept. 20, 2013) (allegations that deputy pushed handcuffed pretrial detainee into a door, causing eye, elbow, and neck injuries, stated claim under Fourteenth Amendment); *Brooks v. Austin*, 720 F. Supp. 2d 715, 720 (E.D. Pa. 2010) (pretrial detainee's allegations that officers slammed him into a wall and stepped on his neck while he was handcuffed, causing knee and shoulder injuries, stated Fourteenth Amendment claim). However, Winston does not allege that he was physically attacked or

6

suffered any physical injury. His failure to allege that he suffered any physical injury requires dismissal of his complaint pursuant to 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

For the foregoing reasons, Winston's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Winston should be given an opportunity to amend his complaint.

In conclusion, Winston's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order.

Winston is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Winston fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE